IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TYRONE J. PATTERSON, | ) | Case No. 8:11-cv-128 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT, JURY DEMAND AND** |
| | ) | **PLACE OF TRIAL DESIGNATION** |
| CITY OF OMAHA, a political subdivision | ) | |
| of the State of Nebraska, MOLLY HIATT, | ) | |
| both individually and officially as an | ) | |
| officer of the Omaha Police Department, | ) | |
| and PAUL HASIAK, both individually and | ) | |
| officially as an officer of the Omaha Police | ) | |
| Department, | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW Plaintiff, Tyrone J. Patterson, and for his causes of action against Defendants, states and alleges as follows:

**JURISDICTION AND VENUE**

1.  That this is a civil rights action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, in which Plaintiff seeks redress for violation of his civil rights, including the right to be free from Defendants' use of excessive force upon him, under color of any state law, statute, ordinance, regulation, custom or usage, of any right privilege or immunity secured by the Constitution of the United States, or by any act of Congress providing for equal rights of citizens, or of all persons within the jurisdiction of the United States.

2.  That the jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) providing for the Court's original jurisdiction over all civil actions "to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of

Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States."

3. That this court has personal jurisdiction over Defendants hereto in that each Defendant is a political subdivision of the State of Nebraska or is a resident of the District of Nebraska.

4. That venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2) as each defendant resides in this judicial district and a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred in this judicial district.

## PARTIES

5. That Plaintiff is an individual and a resident of Omaha, Douglas County, Nebraska.

6. That Defendant City of Omaha is a political subdivision, organized and existing by virtue of the laws of the State of Nebraska, and that at all times material to the allegations contained herein, Defendant operated, funded, supported and maintained the Omaha Police Department within Omaha, Douglas County, Nebraska.

7. That Defendants Molly Hiatt and Paul Hasiak are officers of the Omaha Police Department and employees of Defendant City of Omaha and that at all times material to the allegations contained herein the actions and omission of such Defendants alleged herein were taken or made both in their individual capacity and in their official capacity as officers of the Omaha Police Department and under color of state law.

8. That Defendant City of Omaha is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, including but not limited to the Omaha Police Department and Defendants Hiatt and Hasiak, and

is responsible for the injuries occasioned thereby.

## EXHAUSTION OF REMEDIES

9. That on or about June 1, 2009 and pursuant to the Political Subdivisions Tort Claims Act, Neb.Rev.Stat. § 13-901 et seq., Plaintiff made claim upon Defendant City of Omaha for the acts and omissions which form the basis of the allegations contained herein and that a true and correct copy of such claim is attached hereto, labeled Exhibit "A" and incorporated herein by such reference.

10. That on or about March 24, 2011 and pursuant to the Political Subdivisions Tort Claims Act, Neb.Rev.Stat. § 13-901 et seq., Plaintiff served on Defendant City of Omaha a withdrawal of the claim described in paragraph 9, above, and that a true and correct copy of such withdrawal is attached hereto, labeled Exhibit "B" and incorporated herein by such reference.

## FACTS

11. That on or about Monday, April 13, 2009, at approximately 6:16 p.m., the Omaha Police Department dispatched Defendants Hiatt and Hasiak to 3609 Saratoga Street, Omaha, Douglas County, Nebraska (hereinafter the "Thompson Residence") to answer a call from the homeowner identifying a party who was refusing to leave.

12. That upon arrival at the Thompson Residence, Defendants Hiatt and Hasiak confronted Plaintiff while seated at a patio table outside of the Thompson Residence and that while Defendant Hiatt inquired of Plaintiff concerning his presence at the Thompson Residence, Defendant Hasiak began putting on his leather gloves and moved behind Plaintiff.

13. That Plaintiff then inquired of Defendant Hiatt why Defendant Hasiak was putting on his gloves and further asked that Defendants Hiatt and Hasiak take no violent action against

Plaintiff as Plaintiff was not agitated and was being cooperative and respectful towards Defendants Hiatt and Hasiak.

14. That although Plaintiff asked that Defendants Hiatt and Hasiak first inquire of other residents of the Thompson Residence prior to determining whether Plaintiff needed to leave the Thompson Residence, Defendant Hasiak refused and demanded that Plaintiff leave the Thompson Residence.

15. That immediately following the command given by Defendant Hasiak as outlined in the foregoing paragraph and without allowing Plaintiff time to comply with such demand, Defendant Hasiak struck Plaintiff from behind knocking him out of his seated position at the patio table.

16. That after striking Plaintiff from behind as outlined in the foregoing paragraph and despite Plaintiff's pleas, Defendant Hasiak began striking Mr. Patterson repeatedly and attempting to place him in a choke hold.

17. That Defendant Hasiak further repeatedly struck Plaintiff on his back and stomach and that having placed Plaintiff on the ground, Defendant Hasiak kicked Plaintiff at least twice before commanding Defendant Hiatt to taze Plaintiff.

18. That Defendant Hiatt complied with the commands of Defendant Hasiak outlined in the foregoing paragraph and tazed Plaintiff.

19. That thereafter, Defendants Hiatt and Hasiak placed Plaintiff in handcuffs, picked Plaintiff up off the ground, ran him down the lawn of the Thompson Residence and slammed him into a police car.

20. That at no time did Plaintiff offer any resistance to Defendants Hiatt and Hasiak.

21. That Defendants Hiatt and Hasiak arrested Plaintiff and cited him with

misdemeanor charges of resisting arrest pursuant to Neb.Rev.Stat. § 28-904, disorderly conduct pursuant to Omaha Municipal Code § 20-42 and refusing a request to leave pursuant to Omaha Municipal Code § 20-155, and that after escorting Plaintiff for emergency room treatment at Alegent Health Immanuel Medical Center in Douglas County, Nebraska, Defendants Hiatt and Hasiak detained Plaintiff at the Douglas County jail.

22. That as the direct and proximate result of the actions of Defendants Hiatt and Hasiak as outlined above, Plaintiff suffered numerous injuries and damages, including, but not limited to, severe abdominal pain, multiple left-sided rib fractures, left renal and splenic contusions and injury to the small bowel, including intestinal perforation, personal and reputational injuries, including pain and suffering, humiliation, anguish, and emotional distress, and monetary costs.

23. That at no time did Plaintiff pose any threat to Defendants Hiatt and Hasiak or anyone else at the Thompson Residence and that Defendants Hiatt and Hasiak did not have a reasonable good faith belief that Plaintiff was a threat to their safety or the safety of anyone else present and that Defendants Hiatt and Hasiak did not have a reasonable good faith belief that there was any need to subdue and/or disable Plaintiff or to believe that the force used against Plaintiff was anything other than excessive.

24. That in subduing and/or disabling Plaintiff as outlined hereinabove, Defendants Hiatt and Hasiak acted under color of law and within the scope of their employment and that Defendants Hiatt and Hasiak acted intentionally, maliciously and with willful intent.

25. That Further, Defendants Hiatt and Hasiak negligently and recklessly disregarded their duty to Plaintiff to protect him from the use of excessive force.

26. That Defendant City of Omaha is responsible for the proper training and

supervision of individuals employed as police officers including Defendants Hiatt and Hasiak and that upon information and belief, Defendants Hiatt and Hasiak received training and supervision from Defendant City of Omaha, which training and supervision was inadequate and negligent.

27. That upon information and belief, Defendants Hiatt and Hasiak were not reprimanded or disciplined by Defendant City of Omaha for any of their actions related to their actions alleged herein.

28. That upon information and belief, Defendant City of Omaha approved and ratified or acquiesced in the actions taken by Defendants Hiatt and Hasiak towards Plaintiff as outlined hereinabove.

29. That each of Defendants knew or should have known that their conduct outlined hereinabove violated clearly established constitutional or statutory rights of which a reasonable person should have known.

30. That Defendants' actions outlined hereinabove were taken under color of state law.

## FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 (Deprivation of Constitutional Rights)

31. That for his First Cause of Action, Plaintiff realleges and incorporates by reference paragraphs 1 through 30 of his Complaint as if fully set forth herein.

32. That Defendants Hiatt and Hasiak, acting under color of law, intentionally, negligently, maliciously and with willful intent, without justification, disabled, subdued and injured Plaintiff when Plaintiff posed no threat to said Defendants' safety or anyone else's safety.

33. That by his conduct and action and by using excessive force, Defendants Hiatt

and Hasiak, acting under color of law and without lawful justification, intentionally, maliciously and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage to Plaintiff in violation of Plaintiff's constitutional rights under the Fourth Amendment.

34. That Defendants Hiatt and Hasiak used force in a manner that was disproportionate to the force necessary to arrest or question Plaintiff and that reasonable officers in the situation of Defendants Hiatt and Hasiak would have known, in light of clearly established law, that the use of force by Defendants Hiatt and Hasiak in this situation violated Plaintiff's Fourth Amendment rights.

35. That at all times material to the allegations contained herein, Defendant City of Omaha, acting through Defendants Hiatt and Hasiak, had policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

36. That Defendant City of Omaha had in effect, both before and at the time of the events alleged in this Complaint, policies, practices, customs and procedures which operated to deprive Plaintiff of his Constitutional rights.

37. That Defendant City of Omaha is accountable under 42 U.S.C. § 1983 because it established or authorized or tolerated policies and practices that were intended to and did encourage, endorse and permit their agents and employees to violate the constitutional rights of Plaintiff and other similarly situated persons.

38. That the unconstitutional policies, practices, customs and procedures of Defendant City of Omaha include, but are not limited to:

    a. A policy, practice, custom or procedure of failing to properly train and supervise officers to avoid the inappropriate use of force;

    b. A policy, practice, custom or procedure of failing to train and

          supervise officers in the techniques of properly conducting investigations;

    c.    A policy, practice, custom or procedure of failing to train and supervise officers as to their obligation to truthfully report occurrences rather than to falsify information to cover up misconduct;

    d.    A policy, practice, custom or procedure of failing to discipline officers who violate the constitution or law or otherwise transgress the rights of criminal suspects during their investigations; and

    e.    A policy, practice, custom or procedure of being deliberately indifferent to the violation by law enforcement officers of the rights of citizens.

39. That Defendant City of Omaha is responsible for the implementation and promulgation of official policies for the Omaha Police Department and that Defendant City of Omaha is responsible for the promulgation of policies and the implementation of training to maintain an effective police force that is capable and prepared to deal with interactions with the public.

40. That the actions of Defendants Hiatt and Hasiak were inappropriate for this specific situation due to inadequately trained and supervised officers and that if properly trained and supervised officers had been on the scene, excessive force would not have been used.

41. That Defendant City of Omaha acquiesced in, authorized, tolerated, affirmed or ratified the actions of Defendants Hiatt and Hasiak.

42. That as a direct and proximate result of the above mentioned unconstitutional actions of Defendants, Plaintiff sustained physical injuries and damages, including but not limited to, mental and emotional distress, loss of personal and business reputation and esteem in the community, humiliation, and other losses, including economic losses.

## SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 (Failure to Prevent Deprivation of Constitutional Rights)

43. That for his Second Cause of Action, Plaintiff realleges and incorporates by reference paragraphs 1 through 42 of his Complaint as if fully set forth herein.

44. Defendants Hiatt and Hasiak each permitted the other to employ excessive force against Plaintiff and to otherwise violate Plaintiff's clearly established constitutional rights, failed to take reasonable and required steps to prevent the other from violating Plaintiff's constitutional rights although they had an official duty to do so.

45. That the unconstitutional, negligent, reckless and heedless actions of Defendants was the direct and proximate cause of injuries suffered by Plaintiff including those injuries and damages identified in paragraph 22, above.

46. That Defendants maliciously and/or deliberately failed to take any and/or all reasonable steps or necessary precautions required to avoid or prevent the constitutional violations set forth hereinabove, despite their clearly established legal and constitutional duty to do so.

47. That as a direct and proximate cause of the negligent, intentional or unconstitutional acts of Defendants, Plaintiff's constitutional rights were violated and Plaintiff has suffered and will continue to suffer damages.

WHEREFORE, Plaintiff prays for the Court's entry of judgment against Defendants, and each of them, for his general damages and special damages in the amount as proven by the evidence at trial, punitive damages as may be proven at trial against such Defendants and for such claims as allowed by law, an award of Plaintiff's reasonable attorney's fees and costs of this action pursuant to applicable law, pre- and post-judgment interest at the statutory rate and any further or other relief the Court deems just and proper.

**JURY DEMAND AND PLACE OF TRIAL DESIGNATION**

Plaintiff hereby demands a trial by jury on all issues triable and that such trial be held in Omaha, Nebraska.

                    TYRONE J. PATTERSON, Plaintiff
By: s/Justin D. Eichmann
    D.C. Bradford - #10402
    Justin D. Eichmann - #22405
    BRADFORD & COENEN LLC
    1620 Dodge Street, Suite 1800
    Omaha, Nebraska 68102-1505
    (402) 342-4200 Telephone
    (402) 342-4202 Facsimile
    wbradford@bradfordcoenen.com
    jeichmann@bradfordcoenen.com
    *Attorneys for Plaintiff*