IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TYRONE PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV128 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF OMAHA, a political subdivision of the State of Nebraska; MOLLY HIATT, both individually and officially as an officer of the Omaha Police Department, and PAUL HASIAK, both individually and officially as an officer of the Omaha Police Department, | ) ) ) ) ) ) ) ) ) ) | MEMORANDUM OPINION |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the motion of plaintiff Tyrone Patterson ("Patterson") for attorney's fees and costs (Filing No. 101). The Court finds the motion should be denied.

I. Background

Defendants Molly Hiatt ("Hiatt") and Paul Hasiak ("Hasiak") arrived at the home of plaintiff's mother on April 13, 2009, at approximately 6:16 p.m. in response to a request for police assistance made by plaintiff's mother. In her conversation with the 911 dispatcher, plaintiff's mother indicated that Patterson refused to leave her property. The officers' first interactions with the plaintiff were contentious but calm. After several requests by the officers for Patterson

to leave willingly, the officers made a decision to handcuff the plaintiff and remove him from the property.  Patterson resisted, eventually engaging in a protracted physical altercation with one of the officers.  After his arrest and detention, Patterson sought medical treatment for broken ribs and other internal injuries.  The parties stipulated that the cost of treatment for injuries Patterson incurred on the day of the incident was $148,729.49.

Patterson then brought a suit against the officers for use of excessive force in violation of his constitutional rights.  There was conflicting testimony regarding the altercation.  In particular, the testimony of the officers and the plaintiff differed regarding how Patterson incurred the specific injuries for which he was treated.  The jury found that Officer Hasiak, but not Officer Hiatt, had used excessive force.  However, the jury awarded only $1.00 in damages.

II. Legal Standard

Under 42 U.S.C. § 1988, the Court may grant "reasonable" attorney's fees to a "prevailing party" in an action to enforce rights under 42 U.S.C. § 1983.  This leads to a two-part inquiry into (1) whether the party requesting fees is a "prevailing party" in the underlying litigation and (2) whether the fees requested are "reasonable."  "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters

the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992). This includes a plaintiff who wins only nominal damages. *Id.* at 112.

Whether the fees are "reasonable" hinges largely on the "extent of a plaintiff's success." *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983). Where a plaintiff seeks significant compensatory and/or punitive damages but receives only nominal damages, the litigation may "accomplish[] little beyond giving petitioner[] 'the moral satisfaction of knowing that a federal court concluded that [his] rights had been violated' in some unspecified way. *Farrar*, 506 U.S. at 114 (quoting *Hewitt v. Helms*, 482 U.S. 755, 762 (1987)).

Based on Justice O'Connors's concurrence in *Farrar*, the Eighth Circuit Court of Appeals has recognized two other factors that bear on the degree of plaintiff's success. First, "the significance of the legal issue on which the plaintiff prevailed." *Murray v. City of Onawa, Iowa*, 323 F.3d 616, 619 (8th Cir. 2003) (citing *Farrar*, 506 U.S. at 121). Second, "any public goal or purpose the lawsuit may have served." *Id.* The circuit found that "compelling city officials to make at least cursory investigations into serious allegations" that an officer used his position to stalk and harass a former paramour were "significant legal issues." *Id.* In addition, the circuit found

that an award of attorney's fees in that case, served a "clear public policy" by putting police on notice that ignoring allegations of sexual harassment by an officer is constitutionally impermissible.  *Id.* at 619-20.

III. Analysis

First, plaintiff argues that attorney's fees against Officer Hiatt are appropriate because, "although Officer Hiatt was not found liable for not taking action to prevent excessive force against Mr. Patterson and was found not liable for subjecting Mr. Patterson to excessive force, she certainly has not 'prevailed' in this matter."  This argument misapplies the prevailing party requirement, which scrutinizes the degree of success of the plaintiff, not the defendant.  To say that Officer Hiatt has not prevailed, is irrelevant.  On the other hand, plaintiff certainly did not prevail against Officer Hiatt.  The jury rendered a verdict in favor of the defendant.  Thus, there was no "actual relief on the merits" that could operate to "materially alter[] the legal relationship between the parties." *Farrar*, 506 U.S. at 111-12.

Next plaintiff argues that he has prevailed against Officer Hasiak and that attorney's fees are reasonable in light of the public policy and serious legal issues furthered by the litigation.  *Farrar* clearly establishes that the jury verdict against Officer Hasiak makes Patterson a prevailing party for

purposes of § 1988, despite the award of only nominal damages. *Id.* at 112. Officer Hasiak's obligation to pay the $1.00 damage award satisfies the requirement that the legal relationship between the parties has been materially altered. *Id.* at 113.

This leaves only the question of whether the attorney's fees requested are reasonable. Here, the award of nominal damages is relevant to the extent it evidences that plaintiff had negligible success in recovering the $148,729.49 in compensatory damages or any of the unspecified punitive damages sought in his complaint. Under Eighth Circuit precedent, this is not an "outrageous split" that would alone prevent attorney's fees. *Murray*, 323 F.3d 616, 619. Still, the difference is substantial. Though it may not be enough to rule out an award of fees, neither does it indicate a degree of success that would, standing alone, justify such an award. Further, an award of nominal damages indicates that Patterson failed to prove the essential casual link between an act of excessive force and his injuries. That Patterson succeeded against only one of the two defendants is also evidence of a limited degree of success, but it is not determinative. Inquiry into the Eighth Circuit's additional reasonableness factors is warranted.

No doubt the protection of constitutional rights is important. In particular, curbing the excessive use of force by police officers is an important public purpose. However, the

present litigation does not significantly advance that purpose. The case did not present any significant legal issues regarding the type of actions that constitute excessive force.  Rather, the litigation focused almost entirely on factual disputes over what acts of force were used and whether plaintiff's injuries were caused by an act of excessive force or an application of force that was reasonable under the circumstances.

   The message that such a legal victory sends to police officers and police departments more generally is not a new one -- nor does it provide any significant guidance for future conduct.  The police department's awareness of the legal precedent regarding excessive force clearly shaped Officers Hasiak's and Hiatt's actions in this very incident.  Both spoke of techniques for gaining compliance without force and criteria for escalating the use of force.  Moreover, the jury's general verdict finding that one or more of the many actions taken by Officer Hasiak constituted excessive force, combined with the jury's refusal to award punitive damages, does not give any clear guidance for future conduct beyond general vigilance in assessing the amount of force necessary under the circumstances.  No

attorney's fees or costs are appropriate.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 28th day of January, 2013.

BY THE COURT:

/s/ Lyle E. Strom

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
LYLE E. STROM, Senior Judge
United States District Court