IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TYRONE PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV128 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF OMAHA, a political subdivision of the State of Nebraska; MOLLY HIATT, both individually and officially as an officer of the Omaha Police Department, and PAUL HASIAK, both individually and officially as an officer of the Omaha Police Department, | ) ) ) ) ) ) ) ) ) | MEMORANDUM OPINION |
| Defendants. | ) | |

This matter is before the Court on the motion of plaintiff Tyrone Patterson to alter or amend the judgment or, in the alternative, for a new trial (Filing No. 103). Plaintiff argues that the jury's award of $1.00 cannot be reconciled with the finding of excessive force, given that the parties stipulated to the amount of medical damages. The Court finds the motion should be denied.

I. Background

Defendants Molly Hiatt and Paul Hasiak were dispatched to the home of plaintiff's mother in response to a request for police assistance regarding plaintiff's refusal to leave the property. The officers' first interactions with the plaintiff were tense but non-threatening. After several requests by the

officers for Patterson to leave willingly, the officers made an attempt to handcuff the plaintiff and remove him from the property.  Patterson resisted.  The testimony from the parties regarding what happened from this point forward differed substantially.  Generally, the testimony imparted two accounts of a struggle between the plaintiff and Officer Hasiak that included several distinct attempts by Officer Hasiak to induce compliance through acts of force.  Plaintiff was eventually handcuffed and taken to a police cruiser.  After his arrest and detention, Patterson sought medical treatment for broken ribs and other significant internal injuries.  Patterson then initiated this litigation alleging damages as a result of excessive force.

      At the close of the evidence, the jury instructions were approved by the parties and read to the jury.  Instruction No. 11 included a stipulation by the parties regarding the cost of medical treatment for injuries incurred on the day of the incident.  The stipulation did not state whether the damages were a proximate cause of any particular act of the defendants.  No specific instruction was given regarding nominal damages.  Plaintiff did not object to the final jury instructions or the answers the Court gave to the jury's questions.  The jury found for defendant Hiatt and against defendant Hasiak but awarded only $1.00 in damages.

II. Relevant Law

The Court may, in its discretion, grant a new trial where "the trial was not fair to the party moving," including unfairness caused by "alleged substantial errors in admission or rejection of evidence or instructions to the jury." *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940). Where a nominal damages instruction is given in error and results in a jury verdict that is inconsistent with evidence of damages, a new trial is appropriate. *See Westcott v. Crinklaw*, 133 F.3d 658 (remanding for a new trial where nominal damage award was inconsistent with extensive evidence of damages and the jury's finding of excessive force).

III. Analysis

At the outset, it should be noted that plaintiff did not object to the final jury instructions and that no instruction for nominal damages was given. Nevertheless, the Court has considered the verdict in relation to the evidence presented and finds that there was no error in the instructions nor inconsistency in the verdict.

Plaintiff cites Eighth Circuit precedent for the proposition that a jury's award of nominal damages is inadequate as a matter of law where "it is clear from the undisputed evidence that a plaintiff's injuries were caused by a defendant's excessive use of force." *Westcott v. Crinklaw*, 133 F.3d 658, 661

(8th Cir. 1998).  However, this is not such a case.  Over the course of the incident, Officer Hasiak employed multiple instances of force.  The parties gave widely divergent testimony regarding which acts actually occurred, the timing of the acts, the effect each act had on the plaintiff, and the intended points of contact.  In particular, the exact act which caused the plaintiff's injuries was unclear.  On the one hand, it could have been from an accidental fall against a grill or a misplaced kick; on the other, a deliberate kick to the abdomen that was lodged despite the plaintiff's compliance.

Under these circumstances, it is not inconsistent for the jury to have found that one or more acts constituted excessive force but that others constituted only reasonably necessary force.  Nor is it inconsistent, given the conflicting testimony, for the jury to have found that the plaintiff failed to prove his injuries were a proximate cause of an act of excessive force.  *Westcott* itself made precisely this distinction:  "[A] jury may reasonably conclude that compensatory damages are inappropriate despite a finding that excessive force was used . . . when there is evidence that both justifiable and unjustifiable force might have been used and the injury may have resulted from the use of justifiable force."  *Id.*

The parties' stipulation does not require a different result.  It stated only that "plaintiff incurred expenses for

medical treatment in the amount of $148,729.49," from "injuries he sustained" on the day of the incident.  The stipulation is not determinative of which specific acts were the proximate cause of the injuries.  These determinations were left to the jury.  It has reached its verdict, and the Court sees no error or inconsistency that would warrant invalidating the jury's findings.  Accordingly, a separate order will be entered in accordance with this memorandum opinion.

        DATED this 13th day of February, 2013.

                      BY THE COURT:

                      /s/ Lyle E. Strom

                      _____
                      LYLE E. STROM, Senior Judge
                      United States District Court