IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TYRONE PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV128 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF OMAHA, a political | ) | MEMORANDUM OPINION |
| subdivision of the State of | ) | |
| Nebraska; MOLLY HIATT, both | ) | |
| individually and officially | ) | |
| as an officer of the Omaha | ) | |
| Police Department, and PAUL | ) | |
| HASIAK, both individually and | ) | |
| officially as an officer of | ) | |
| the Omaha Police Department, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on the motion of defendants Molly Hiatt and Paul Hasiak for a new trial (Filing No. 106). Defendants argue that failure to include their proposed jury instruction was an error that caused the jury to find in favor of the plaintiff using a less demanding standard than required by the law. As evidence of the error, defendants point to an alleged inconsistency between written statements of the jury and the reasonableness standard required in excessive force cases. The Court finds the motion should be denied.

I. Background

Defendants Molly Hiatt and Paul Hasiak were dispatched to the home of plaintiff's mother in response to a request for police assistance regarding plaintiff's refusal to leave the

property.  The officers' first interactions with the plaintiff were tense but non-threatening.  After several requests by the officers for Patterson to leave willingly, the officers made an attempt to handcuff the plaintiff and remove him from the property.  Patterson resisted.  The testimony from the parties regarding what happened from this point forward differed substantially.  Generally, the testimony imparted two accounts of a struggle between the plaintiff and Officer Hasiak that included several distinct attempts by Officer Hasiak to induce compliance through acts of force.  Plaintiff was eventually handcuffed and taken to a police cruiser.  After his arrest and detention, Patterson sought medical treatment for broken ribs and other significant internal injuries.  Patterson then initiated this litigation alleging damages as a result of excessive force.

At the close of the evidence, the jury instructions were approved by the parties and read to the jury.  Instruction No. 11 included a stipulation by the parties regarding the cost of medical treatment for injuries incurred on the day of the incident.  The stipulation did not state whether the damages were a proximate cause of any particular act of the defendants.  No specific instruction was given regarding nominal damages.  Defendants' request for inclusion of an additional instruction prompted an addition of language to Instruction No. 13.

Defendants did not object to the jury instructions after that revision or to the revision itself.

Before delivering their verdict, the jurors submitted questions to the Court -- two of which are relevant to the present motion.  First, the jury asked, "Can we make additional statements to the plaintiff and the defendants? (In addition to the verdict.)."  The Court responded, "Yes, you may."  Second, the jury asked, "If we decide for the plaintiff do we have to give him money?  Or can we give him no money?"  The Court responded, "If you find for the plaintiff, you have to give him some money."  Defendants did not object to the answers the Court gave to the jury's questions.  The jury found for defendant Hiatt and against defendant Hasiak but awarded only $1.00 in damages.  In addition to, but separate from, their verdict, the jury submitted three written statements reflecting their impressions beyond what was required in the verdict.

II. Legal Standard

The Court may, in its discretion, grant a new trial where "the trial was not fair to the party moving," including unfairness caused by "alleged substantial errors in admission or rejection of evidence or instructions to the jury."  *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940).

III. Analysis

A. Jury Instructions

Defendants' proposed jury instruction was as follows:

> The Constitution requires only that
> the seizure be objectively
> reasonable, not that the officer
> pursue the most prudent course of
> conduct as judged by 20/20
> hindsight vision.  It may appear,
> in the calm aftermath, that an
> officer could have taken a
> different course, but the law does
> not hold the police to such a
> demanding standard.

After some discussion on the record, defendants requested an addition to Instruction No. 13 that made clear the officers were not required to take the "most prudent" course of action.  As it stood, Instruction No. 13 tracked the Eighth Circuit's 2012 Model instruction 4.10.  In accommodating the defendants' request, the Court added an additional sentence to Instruction No. 13:

> In determining whether such force
> was "excessive," you must consider
> such factors as the need for the
> application of force; the
> relationship between the need and
> the amount of force that was used;
> the extent of the injury inflicted;
> and whether a reasonable officer on
> the scene, without the benefit of
> hindsight, would have used that
> much force under similar
> circumstances.  *The law does not
> require that an officer use the
> most appropriate level of force,
> only that the force used was
> reasonable under the circumstances.*

-4-

> You should keep in mind that the
> decision about how much force to
> use often must be made in
> circumstances that are tense,
> uncertain and rapidly changing.
> You must determine whether the
> officers' actions were reasonable
> in light of the facts and
> circumstances confronting the
> officer.

(Emphasis added).  Notably, the Court's instruction warns against

the skewed perspective of hindsight, sets out reasonableness as

the appropriate standard, and (with a sentence not included in

the model instructions) distinguishes a reasonable course of

action from the optimum course of action.  The Court solicited

objections to this change along with some other unrelated

changes.  No objections were made by either party.

Then as now, the Court finds that the instructions

given were sufficient to communicate the reasonableness standard

to the jury and that the instructions given encompassed

defendants' proposed instruction and the defendants' requested

change to Instruction No. 13.  Therefore, the Court finds no

error in refusing to include the separate instruction.

B. The Jury's Verdict and Statements

Furthermore, neither the jury's written statements nor

their award of nominal damages provide any evidence of error or

confusion.  Pursuant to their request to make additional

statements to the parties, the jury submitted the following

written statements:

-5-

[No. 1] In addition, to our verdict
we wish to share some concerns for
all parties involved.
To officer Hiatt, even though you
were considered the cover officer,
we feel that you could have done
more to diffuse the situation
initially but also to be more
active in subduing Mr. Patterson so
that the injuries could have likely
been minimized.

[No. 2] To Officer Hasiak, it
appears that some force was
necessary however we felt that it
escalated too quickly and to a
level that crossed a line of excess
for the level of resistance.  We
believe that more time could have
been spent diffusing the situation
to potentially avoid a physical
altercation.

[No. 3] To Mr. Patterson, it was
unfortunate that you sustained
these injuries, however you were
responsible for your own actions
when you failed to comply with
Officer's instructions.

Defendants assert that the jury's written statements
and award of nominal damages are evidence that the jury used a
standard for excessive force that was inconsistent with the jury
instructions and the law.  Defendants then argue that lack of
clarity in the instruction given (as opposed to the clarity of
the proposed instruction) led the jury to think that a less
stringent standard was permitted.  To the contrary, the jury's
statements and award of nominal damages evidence a grasp of

nuance not only regarding the standard for excessive force but also the burden of proof regarding causation of damages.

First, the jury found in favor of Officer Hiatt, but in statement No. 1 the jury criticized her for failing to take the most prudent course of action.  This shows precisely the jury's understanding that failure to take the optimum course was not a basis for a finding of excessive force.  Second, the jury found against Officer Hasiak.  In statement No. 2, the jury explained that some force was necessary but that at least some of the acts constituted excessive force.  This is consistent with an incident involving multiple instances of force, some of which were necessary and some of which were excessive.  It is also consistent with the verdict of excessive force and nominal damages:  given the conflicting testimony regarding the incident, the jury apparently found that the plaintiff failed to prove his injuries were a proximate cause of an act of excessive force. The jury's verdict and statements to the parties indicate that the jury instructions were sufficient to communicate the reasonableness standard indicated.  The jury's verdict of excessive force and award of $1.00 is consistent with the law of excessive force and proximate causation.  The Court finds no

evidence of error in the instructions.  Accordingly, a separate order will be entered in accordance with this memorandum opinion.

DATED this 13th day of February, 2013.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court