IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
TYRONE PATTERSON,                )
                                 )
          Plaintiff,             )     8:11CV128
                                 )
     v.                          )
                                 )
CITY OF OMAHA, a political       )     MEMORANDUM AND ORDER
subdivision of the State of      )
Nebraska; MOLLY HIATT, both      )
individually and officially      )
as an officer of the Omaha       )
Police Department, and PAUL      )
HASIAK, both individually and    )
officially as an officer of      )
the Omaha Police Department,     )
                                 )
          Defendants.            )
_____)
```

  This matter is before the Court on the motion of plaintiff Tyrone Patterson for reconsideration of plaintiff's request for a new trial (Filing No. 140).  Plaintiff argues that new evidence reveals a misunderstanding or misapplication of law by the jury.  The new evidence presented is the report of an "expert" who made conclusions about the jury's reasoning based on a five-question survey answered by a single juror nearly two months after the trial.

  The Court does not find this to be sufficient reason to overturn its prior order.  Plaintiff has presented the secondhand statement of a juror to show a misrepresentation of the law or unsound reasoning by the jury.  Cases cited by plaintiff do not support using post-verdict statements of the jury for this

purpose.  One of the cases plaintiff cites explicitly forbids such a use:

> Jurors cannot be heard to testify that while the substance of the verdict returned into court was understood, it was predicated upon a mistake of the testimony, a misrepresentation of the law, unsound reasons, or improper motives . . . [J]urors are competent witnesses for the purpose of showing that through oversight, inadvertence, or mistake respecting the substance of the verdict returned into court, [it] was not the verdict on which agreement was actually reached in the jury room.

*Young v. United States*, 163 F.2d 187, 189 (10th Cir. 1947).  The Eighth Circuit affirmed the decision of the District Court for the Western District of Missouri which relied, in part, on *Young* to deny a new trial in a case similar to the plaintiff's. *Armstrong v. United States*, 228 F.2d 764, 768-69 (8th Cir. 1956) (affirming district court's holding "that the verdict of the jury could not be affected, disturbed or impeached by the evidence of former jurors as to what had occurred during the deliberations of the jury in the jury room").  *Armstrong v. United* States, 228 F.2d 764, 769 (8th Cir. 1956).  Accordingly,

IT IS ORDERED that plaintiff's motion for reconsideration is denied.

DATED this 10th day of April, 2013.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court