IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TYRONE PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV128 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF OMAHA, a political | ) | MEMORANDUM OPINION |
| subdivision of the State of | ) | |
| Nebraska; MOLLY HIATT, both | ) | |
| individually and officially | ) | |
| as an officer of the Omaha | ) | |
| Police Department, and PAUL | ) | |
| HASIAK, both individually and | ) | |
| officially as an officer of | ) | |
| the Omaha Police Department, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on the motion of
defendants to dismiss the remaining claims against Officer Hiatt,
Officer Hasiak, and the City of Omaha (Filing No. 133).

I. Factual Background

Plaintiff brought excessive force claims against the
City of Omaha and two Omaha Police Officers, both in their
personal and official capacities.  Early in the trial, the claims
against the City and the official capacity claims against the
officers were, on the motion of the City, bifurcated for a
separate trial to avoid the introduction of evidence that was
potentially prejudicial to the officers in their personal
capacities.  The jury found for defendant Hiatt and against
defendant Hasiak but awarded only $1.00 in damages.

II. Analysis

A. Official Capacity Claims

Any claims against the officers in their official capacity are effectively claims against the municipality. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Thus, the analysis below is sufficient to address all the remaining claims.

B. Claims Against the City of Omaha

As noted in the Court's previous orders (Filing Nos. 129 and 131), a consistent reading of the jury's verdict implies that while Officer Hasiak did act with excessive force, the plaintiff failed to prove that any compensable injuries were a proximate result of those specific acts, as opposed to acts of necessary force or the plaintiff's own actions. Plaintiff has already litigated the issue of compensatory damages resulting from excessive force, and the jury found that there were none. Collateral estoppel precludes further litigation of causation and compensatory damages in plaintiff's suit against the City. *See Manzanares v. City of Albuquerque*, 628 F.3d 1237, 1241 (10th Cir. 2010) ("[T]he determination of the amount of the loss resulting from actual litigation of the issue of damages results in the injured person's being precluded from relitigating the damages question." (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 50 cmt. d (1982))); *Amato v. City of Saratoga Springs, N.Y.*, 170 F.3d 311,

317 (2d Cir. 1999) (noting that after a bifurcated trial against officers, plaintiff "would not be permitted to re-litigate the issue of compensable injury in the trial against the City"). Nor will plaintiff be able to pursue punitive damages because such damages are not permitted against a municipality based on a violation of § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

This leaves only the possibility of a judgment against the City of Omaha for nominal damages. The Ninth Circuit has held that since recovery against the city would be limited to nominal damages, "any error by the district court in dismissing the [municipal policy] claim was harmless." *George v. City of Long Beach*, 973 F.2d 706, 709 (9th Cir. 1992). The Tenth Circuit recently affirmed its adoption of the Ninth Circuit's rational. *Manzanares*, 628 F.3d at 1243 ("little if any justice would be accomplished" by allowing plaintiff to pursue the additional nominal damages award because the case against the officers "succeeded in putting the City on notice about its employees' conduct.").

However, a finding of harmless error does not mean that dismissal is within the Court's discretion. Two circuit courts have overturned such dismissals. The Ninth Circuit, without any reference to its holding in *George*, reversed the district court's dismissal of the municipality claim holding that where plaintiff

"has been fully compensated for his injuries, he may still recover nominal damages for a 'separate and distinct [constitutional] wrong' irrespective of whether he is entitled to actual damages for that wrong."  *Ruvalcaba v. City of Los Angles*, 167 F.3d 514, 524 (9th Cir. 1999) (quoting *Larez v. City of Los Angeles*, 946 F.2d 630, 640 (9th Cir. 1991)).  Likewise, the Second Circuit has held that a plaintiff's "interest in obtaining a judgment against the City defendants was [not] fully vindicated when [plaintiff] obtained a verdict against some of the individuals."  *Amato*, 170 F.3d at 319.  The Second Circuit reasoned that unlike traditional tort damages, the nominal damages award available under § 1983 allows for vindication of a constitutional violation, regardless of whether the violation caused compensatory damages.  *Id.* at 318.  The Court finds the reasoning of the latter two cases persuasive.  Though plaintiff has been vindicated for the unconstitutional use of force by the individual police officers, he is also entitled to pursue his "separate and distinct" claim against the City of Omaha for the violation premised on their policies, even though the most he can hope to recover is $1.00 in nominal damages.  This seems especially appropriate where, as here, bifurcation on the motion of the defendant prevented the plaintiff from pursuing an award

-4-

against all defendants in one trial.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 15th day of April, 2013.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court