IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | |
|---|---|
| TYRONE PATTERSON, | ) |
| Plaintiff, | ) 8:11CV128 |
| v. | ) |
| CITY OF OMAHA, a political subdivision of the State of Nebraska; MOLLY HIATT, both individually and officially as an officer of the Omaha Police Department, and PAUL HASIAK, both individually and officially as an officer of the Omaha Police Department, | ) MEMORANDUM OPINION |
| Defendants. | ) |

This matter is before the Court on the defendants' motion for summary judgment (Filing No. 152).

I. Background

Plaintiff Tyrone Patterson initiated a suit alleging damages as a result of excessive force by Officers Molly Hiatt and Paul Hasiak. Shortly after trial began, the Court bifurcated the official capacity claims against the officers and the *Monell* claims against the City of Omaha. Trial then proceeded on the individual capacity claims. At the conclusion of the trial, the jury returned a verdict in favor of Officer Hiatt and against Officer Hasiak but awarded only $1 in nominal damages. The only remaining issue is whether plaintiff can recover an additional nominal damage award from the City.

The plaintiff's claims against the City are twofold. First, plaintiff claims that improper training caused the excessive use of force by Officer Hasiak. Second, plaintiff claims that a practice of failing to discipline officers who have used excessive force caused Officer Hasiak's use of force during the incident with Mr. Patterson. Defendants contend that there are no genuine issues of fact regarding whether the City has policies or customs that caused the use of excessive force by Officer Hasiak.

II. Legal Standards

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 321–23 (1986). "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Where the moving party does not bear the burden of proof at trial, it bears the burden of pointing to specific places in the pleadings and the record that evidence a lack of genuine dispute on a material

fact.  *Celotex*, 477 U.S. at 323-24.  The burden then shifts to the non-moving party to "designate specific facts showing that there is a genuine dispute for trial."  *Id*. at 24 (internal quotation marks omitted).

The remaining claims against the City and the officers in their official capacity cannot rest merely on respondeat superior.  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).  Rather, the claims must rest on an express policy of the municipality or a custom which, though it has not been explicitly approved, is so established as to carry the force of law.  *Id*. (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-168 (1970)); *Smith v. Watkins*, 159 F.3d 1137 (8th Cir. 1998) ("In the absence of a written policy, [plaintiff] must identify a pattern of widespread unconstitutional conduct that was so pervasive and well-settled that it had the effect of law.").

"Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee."  *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 405 (1997).  In pursuit of a "custom" claim, "it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable

to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." *Id*. at 404. "A showing of simple or even heightened negligence will not suffice." *Id*. at 407. "[C]ontinued adherence to [a training program] that [municipalities] know or should know has failed to prevent tortious conduct by employees may establish the conscious disregard for the consequences of their action-the 'deliberate indifference'-necessary to trigger municipal liability." *Id*. at 407 (citing *Canton v. Harris*, 489 U.S. 378, 390, n.10 (1989).

III. Analysis

Federal Rule of Civil Procedure 56(c)(1) requires that contentions made in a motion for summary judgment be supported by materials in the record or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Defendants have provided copies of the official written policies pertaining to training on excessive force and internal review of incidents involving excessive force. Defendants have also provided affidavits from officials that are responsible for implementing the City's training and internal review procedures.

Plaintiff objects to these materials as irrelevant and lacking foundation because they do not address the implementation

and continued monitoring and training of police officers.  The Court finds these materials highly relevant as they describe the content of the City's actual policies and how they were carried out.  Specific statements by the affiants indicate that officers were trained in the acceptable use of force[1] and that the internal review process had been successful in appropriately punishing officers who used excessive force or removing them from duty.[2]  The affiants also describe an "early warning system" that monitors officer conduct so that officers with "a propensity to use excessive force or otherwise repeatedly violate policy" can be identified.  Affidavit of Patrick Rowland, Filing No. 154-3, at ¶ 8.

Defendants point out that none of the materials in the record suggest a policy or custom that could have caused the constitutional violation in this case.  Without evidence of such a policy, no further analysis is needed because no reasonable jury could find the necessary causal link between the use of excessive force and the City.  Having pointed to a lack of genuine dispute on a material issue, the burden shifts to the

---

[1] "Officers are taught nationally accepted methods of employing various force techniques and when those techniques should and should not be used."  Affidavit of Jon Edwards, Filing No. 154-4, at ¶ 2.

[2] "I am aware that prior to April 13, 2009, sworn police employees of the Department have been disciplined for use of excessive force, including termination of employment."  Affidavit of Patrick Rowland, Filing No. 154-3, at ¶ 11.

plaintiff to "designate specific facts showing that there is a genuine dispute for trial." *Celotex*, 477 U.S. at 24 (internal quotation marks omitted).

Notably, plaintiff does not point to, and the Court does not find, any part of the materials presented which constitutes a deficiency that might have lead to the excessive force used by Officer Hasiak in the present case. Nor does the plaintiff designate any evidence that he can use to support his allegations at trial. Plaintiff's brief is primarily concerned with cross-examining the defendants' witnesses at trial so as to discredit their testimony. Since the burden of proof at trial will be on the plaintiff to prove his case, poking holes in the defendants' case will not be sufficient for a reasonable jury to find in his favor. The only evidence in the record that plaintiff points to as supporting his allegations of policies or customs that caused Officer Hasiak's use of excessive force is "the complete Internal Affairs investigation file prepared in the investigation of the Plaintiff's Complaint." Plaintiff's Brief in Opposition, Filing No. 157, at 7. This statement fails to "cit[e] to particular parts of materials in the record," as required by Rule 56(c)(1). Nor can the Court draw any inferences connecting this single investigation covering a single incident to the plaintiff's burden of proving a custom or practice. The plaintiff has failed to identify a genuine dispute based on

materials in the record.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 11th day of July, 2013.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court