IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TYRONE PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV128 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF OMAHA, a political | ) | MEMORANDUM OPINION |
| subdivision of the State of | ) | |
| Nebraska; MOLLY HIATT, both | ) | |
| individually and officially | ) | |
| as an officer of the Omaha | ) | |
| Police Department, and PAUL | ) | |
| HASIAK, both individually and | ) | |
| officially as an officer of | ) | |
| the Omaha Police Department, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the motion of the plaintiff for a new trial and a hearing on the motion (Filing No. 161). The motion seeks a new trial on the official capacity claims against the City of Omaha. However, these claims were disposed of on summary judgment (Filing No. 160). Because plaintiff is really concerned with the Court's decision to grant summary judgment despite his objections, the Court will consider this a motion for reconsideration.

In response to the defendants' motion for summary judgment, plaintiff invoked Rule 56(d):

> If a nonmovant shows by affidavit
> or declaration that, for specified
> reasons, it cannot present facts
> essential to justify its
> opposition, the court may:

>     (1) defer considering the motion or
>     deny it;
>
>     (2) allow time to obtain affidavits
>     or declarations or to take
>     discovery; or
>
>     (3) issue any other appropriate
>     order.

Fed. R. Civ. P. 56(d). However, plaintiff was not asking the Court to defer consideration or allow time to take additional discovery. Rather plaintiff admitted that he did not have evidence to submit, nor would he if allowed additional time for discovery. Rather, plaintiff requested that the motion be denied and a trial held in the hopes that information supporting his claim could be coaxed from adverse witnesses on cross-examination -- witnesses for which he has no basis to expect supportive testimony. The purpose of a trial is resolution of disputed facts by a judge or a jury. Where no evidence has been produced to bring facts into dispute, no trial is necessary; the Court can resolve the case as a matter of law on a motion for summary judgment. Rule 56(d) provides for flexibility in the timing of a Court's resolution of summary judgment. Plaintiff cites no authority for using Rule 56(d) to bypass summary judgment altogether. Accordingly, the plaintiff's motion will be denied.

A separate order will be entered in accordance with this memorandum opinion.

DATED this 4th day of September, 2013.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court